IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-CV-1096

| | |
|---|---|
| SUPRIYA KHAZANIE,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL and KATIE THORNSVARD, in her individual capacity,<br><br>    Defendants. | **CONSENT PROTECTIVE ORDER** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential and comply with all applicable state and federal laws, and ensure that protection is afforded only to materials so entitled, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby ORDERED as follows:

1. <u>Nondisclosure of Confidential Information in Discovery Responses.</u> Except with the prior written consent of the Party or other person originally designating information or a document as confidential, or as hereinafter provided under this Order, no Confidential Information obtained through discovery may be disclosed to any person.

"Confidential Information" means any information or document

designated in writing by a Party as "Confidential," or which bears the legend or is noted as "Confidential" to signify that it contains information believed to be subject to protection under North Carolina Human Resources Act, N.C. Gen. Stat. § 126-22 *et seq.*; N.C. Gen. Stat. § 143-748; N.C. Gen. Stat. §§ 8-53, 8-53.3, and/or 122C-52; the North Carolina Public Records law, N.C. Gen. Stat. § 132-1 *et seq.*; Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and Federal Rule of Civil Procedure 26(c). For purposes of this Order, the term "document" means all written, stored, recorded, or graphic material, whether produced or created by a Party or another person, whether produced pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"), subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for production of documents, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that "summarize" and/or that contain materials entitled to protection may be accorded "confidential" status, but, to the extent feasible, shall be prepared in such a manner that the confidential information is segregated from that not entitled to protection.

2. <u>Permissible Disclosures</u>. Notwithstanding paragraph 1 herein, Confidential Information may be disclosed to any Party to this action; to counsel for the Parties; to the partners, associates, secretaries, paralegals, assistants, and employees of such attorney to the extent reasonably necessary

to render professional services to the Party; and to court officials involved in this litigation (including mediators and court reporters and persons operating video recording equipment at depositions). Subject to the provisions of this paragraph, such Confidential Information may also be disclosed:

    A. To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    B. To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

    C. To employees of Parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

    D. To expert witnesses retained by the Parties as consultants and to testify at trial, to the extent reasonably necessary to prepare for trial, expert reports or depositions; and

    E. To employees of Third Party contractors performing one or more of these functions.

Prior to any disclosure to any person described in 2A–E above, the individual to whom disclosure is to be made must have signed the Third-Party Endorsement of Agreed Confidentiality Order attached hereto as Exhibit A ,

such form to be retained by counsel for the disclosing party.

Before disclosing Confidential Information to any person or entity not listed or described above, a Party who wishes to make such disclosure shall either (1) obtain the written consent of the Party or person who designated the information as confidential to disclose the information to the unlisted individual; or (2) move the Court for permission to do so on such terms and conditions as the Court may order.

3. <u>Student Information</u>. Prior to the production of any information or materials constituting or containing information protected by FERPA, Defendant University of North Carolina at Chapel Hill shall take steps to provide the notice required by FERPA and its implementing regulations to students. Any such information and materials produced in this action after appropriate notice has been provided shall be used for the sole purpose of litigating this action and shall not be used or disclosed, directly or indirectly, for any other purpose whatsoever.

4. <u>Declassification</u>. A Party (or aggrieved entity permitted by the Court to intervene for such purpose) may, within a reasonable time upon receiving documents or materials designated as confidential, apply to the Court for a ruling that a document or information (or a category of documents or information) designated as confidential is not entitled to such status or protection. The Party or other person that designated the document or

information as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

5. <u>Confidential Information in Depositions.</u>

A. A deponent may, during the deposition, be shown and be examined about confidential documents if the deponent already knows of the Confidential Information contained therein, or if the provisions of paragraph 2 are complied with. In the event a deponent noticed for a deposition fails or refuses to sign the form prescribed in paragraph 2, the Party noticing the deposition shall apply to the Court for an Order making the provisions of this Order binding on the deponent. The deponent shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them unless they sign the form prescribed in paragraph 2. A deponent who is not a Party or a representative of a Party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially Confidential Information.

B. Parties (and deponents) may, within twenty (20) days after receiving the transcript of a deposition taken after the entry of this Order, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition transcript may be designated

by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order;" and serving copies of the marked pages on counsel for all other Parties. Entire transcripts may be so designated by giving notice of such designation in writing to counsel for all other Parties. Until expiration of the twenty day period, the entire deposition will be treated as subject to protection against disclosure under this Order. A Party may also designate a portion of the deposition as Confidential during the deposition. If no Party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

      C.      The Parties (and deponents) may, within thirty (30) days of the entry by the Court of this Order, designate pages of depositions, deposition exhibits and/or entire depositions previously taken in this action as confidential by following the procedure set forth in paragraph 5B above. If no Party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked as allowed and in accordance with the Local Rules of this Court and the Federal Rules of

Civil Procedure.

6.     Subpoena by Other Courts or Agencies. If another court or an administrative agency subpoenas or orders production of Confidential Information which a Party or other person has obtained under the terms of this Order, such Party or person shall promptly notify the Party or other person who designated the information as confidential of the pendency of such subpoena or order. Such notification shall take place as soon as practicable and in advance of the date on which the Confidential Information is sought, and in sufficient time for the designating Party to object to or move to quash the subpoena or order.

7.     Use.  Persons obtaining access to Confidential Information under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative or judicial proceedings. The Parties are prohibited from any use of information protected under this Order which is calculated to interfere with, disrupt or undermine the business or financial arrangements or plans of the disclosing Party.

8.     Non-Termination. The provisions of this Order shall not terminate at the conclusion of this action. Within one hundred-twenty (120) days after the final conclusion of all aspects of this litigation, including any and all

possible appeals, Confidential Information and all copies of same (other than exhibits of record and documents required by law to be retained by a Party or person) shall be returned to the Party or person which produced such information or, at the option of the producing Party or person (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the Confidential Information no more than one hundred-twenty (120) days after the final conclusion of this litigation. Attorneys for the Parties may retain copies of Confidential Information as necessary to comply with the applicable Rules of Professional Conduct.

9. <u>Modification Permitted.</u> Nothing in this Order shall prevent any Party or other person from seeking modification of this Order, contesting the designation of information or documents as confidential, or from objecting to discovery that it believes to be otherwise improper.

10. <u>Responsibility of Parties.</u> The attorneys of record and Parties are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any confidential documents except working copies and for filing in Court under seal.

11. <u>Waiver.</u>

    A. Review of Confidential Information by counsel, experts, or

consultants for the Parties in this litigation shall not waive the confidentiality of information and documents or objections to production.

B. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances be deemed as waiver, in whole or in part, of any Party's claims of confidentiality.

12. <u>Reservation of Rights.</u> Nothing contained in this Consent Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged authenticity, relevancy, admissibility, or discoverability of the Confidential Information sought.

13. This Order is intended to be, and shall be construed as, a court order expressly authorizing, subject to the procedures and protections set forth herein, the production of information: (i) containing or tending to reveal nonpublic personnel information subject to the protections of the North Carolina Human Resources Act, N.C. Gen. Stat. § 126-1 *et seq.*; (ii) constituting "internal audit work papers" subject to the protections of N.C. Gen. Stat. § 143-748; (iii) deemed confidential by, or exempted from, the North Carolina Public Records law, N.C. Gen. Stat. § 132-1 *et seq.*; (iv) constituting "personal information" under the North Carolina Identity Theft Protection Act of 2005; (v) constituting student "education records" under FERPA, 20 U.S.C. § 1232g, and its implementing regulations, 34 C.F.R. pt. 99; (vi) containing information protected by HIPAA, including but not limited to medical records of the

patient; (vii) containing information protected by N.C. Gen. Stat. §§ 8-53, 8-53.3, and/or 122C-52; and (viii) otherwise protected from public disclosure by an applicable law, regulation, protective order, or nondisclosure agreement. This provision, however, does not prejudice the right of any Party to contest the alleged authenticity, relevancy, admissibility, or discoverability of the Confidential Information sought.

        This the _____ day of _____, 2022.

                                             _____
                                           UNITED STATES DISTRICT JUDGE

**WE CONSENT:**

JOSHUA H. STEIN
Attorney General

/s/ Kari R. Johnson
Kari R. Johnson
Special Deputy Attorney General
State Bar No. 16033
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6920
Facsimile: (919) 716-6764
kjohnson@ncdoj.gov

*Attorneys for Defendants*

/s/ Valerie Bateman
New South Law Firm
State Bar No. 13417
209 Lloyd Street, Ste. 350
Carrboro, NC 27510
Telephone: (919) 810-3139
valerie@newsouthlawfirm.com

/s/ June K. Allison
NEW SOUTH LAW FIRM
State Bar No. 9673
233 S. Laurel Ave.
Charlotte, NC 28207
Tel: 704-277-0113
Fax: 919-823-6383
june@newsouthlawfirm.com

*Attorneys for Plaintiff*

**ATTACHMENT A**

## THIRD-PARTY ENDORSEMENT OF PROTECTIVE ORDER

1. Third-party _____, hereby (i) acknowledges the undersigned has read and understands the Consent Protective Order (the "Order"); (ii) consents to the terms and conditions of the Order, as entered by the Court; (iii) consents to the jurisdiction of the Court for purposes of enforcing the terms of the Order; and (iv) understands that unauthorized disclosures of the Confidential Information constitute Contempt of Court.

2. By executing this Third-Party Endorsement, the third-party agrees to abide by the terms and conditions of the Order.

3. The terms used in this Third-Party Endorsement have the same meanings as set forth in the Order.

Name/Organization: _____
Street Address: _____
City, State, Zip: _____
Telephone: _____
Facsimile: _____
Counsel for Third Party: _____
Dated: _____

Signature: _____

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this day electronically filed a copy of the foregoing **CONSENT PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

This the ____ day of June, 2022.

/s/ Kari R. Johnson
Kari R. Johnson
Special Deputy Attorney General