IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-CV-1096

| | |
|---|---|
| SUPRIYA KHAZANIE,<br><br>  Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL and KATIE THORNSVARD, in her individual capacity,<br><br>  Defendants. | **LR 5.5 REPORT** |

Plaintiff Supriya Khazanie and Defendants University of North Carolina and Katie Thornsvard hereby submit the following Local Rule 5.5 Report:

**[X] Conference**: The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

**[__] Non-Parties**: Because a non-party has produced documents pursuant to a protective order or is otherwise claiming confidentiality

over documents filed or expected to be filed in this case, the conference included _____ (identify non-party).

**[X] Default**: The parties certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

**[\_] Alternative Proposal for Cases with Many Confidential Documents**: In order to address claims of confidentiality and reduce the need to file briefs and exhibits under seal, the parties propose the alternative procedure set out in the attached proposal, either jointly or as competing alternatives, for consideration by the Court.

**[X] Other relevant information**: The parties have filed a Consent Protective Order for the Court's consideration with their Rule 26(f) report.

Respectfully submitted, this the 14th day of June, 2022.

JOSHUA H. STEIN
Attorney General

/s/ Kari R. Johnson
Kari R. Johnson
Special Deputy Attorney General
State Bar No. 16033
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6920
Facsimile: (919) 716-6764
kjohnson@ncdoj.gov

ATTORNEY FOR DEFENDANTS


/s/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM
State Bar No. 13417
209 Lloyd Street, Ste. 350
Carrboro, NC 27510
Tel: (919) 810-3139
Fax: 919-823-6383
valerie@newsouthlawfirm.com

/s/ JUNE K. ALLISON
June K. Allison
NEW SOUTH LAW FIRM
State Bar No. 9673
233 S. Laurel Ave.
Charlotte, NC 28207
Tel: 704-277-0113
Fax: 919-823-6383
june@newsouthlawfirm.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this day electronically filed a copy of the foregoing **LR 5.5 REPORT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

This the 14th day of June, 2022.

/s/ Kari R. Johnson
Kari R. Johnson
Special Deputy Attorney General

4

Case 1:20-cv-01096-NCT-JEP   Document 50   Filed 06/14/22   Page 4 of 4