UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-01096

| | |
|---|---|
| SUPRIYA KHAZANIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) *AMENDED* |
| v. | ) |
| | ) **PLAINTIFF'S** |
| | ) **MOTION TO EXTEND THE** |
| | ) **DISCOVERY DEADLINE** |
| UNIVERSITY OF NORTH | ) |
| CAROLINA AT CHAPEL HILL, | ) |
| and KATIE THORNSVARD, in | ) |
| her individual capacity, | ) |
| | ) |
| Defendants. | ) |

NOW COMES the Plaintiff and moves the Court to extend the discovery deadline and in support of this Motion shows the Court the following:

1. The parties filed a Joint Rule 26(f) Report (DE49) on June 14, 2022, which was approved by the Court on June 27, 2022, (DE51).

2. The Court's Order stated that the discovery deadline could "not be altered by agreement of the parties without a Court Order.

3. The parties in the above-captioned matter have been diligently conducting discovery.

-1-

4. The discovery deadline in this case was set by the parties (DE49) and adopted by Court (DE51) as February 24, 2023.

5. Counsel for Plaintiff served responses via email to counsel for Defendants on December 20, 2022. In addition, Plaintiff's counsel prepared discovery to propound on December 20, 2022, and believed until Monday, February 6, 2022, that she has served the discovery requests on December 20, 2022.

6. Unfortunately, the email sending the discovery responses was sent, but the email sending the discovery requests was not sent due to inadvertent error on the part of Plaintiff's counsel, possibly resulting from the impending holidays and a failure to confirm the email was sent.

7. Plaintiff's counsel was unaware that she had not sent the email with the discovery requests until February 6, 2023. In fact, Plaintiff's counsel referred in correspondence to opposing counsel on January 12, 2023, that Plaintiff planned to supplement its production of documents after receipt of the discovery responses from Defendants.

8. Plaintiff's counsel became aware from Defendant's counsel that the discovery requests had not been received and confirmed that they were not sent on the morning of February 6, 2023, prior to the beginning of a

deposition in the above-captioned matter. Plaintiff's counsel provided Defendant's counsel a copy of the discovery requests dated December 20, 2022 that same day, February 6, 2022. Subsequently, Plaintiff's counsel also served the discovery with an amended certificate of service on the same date.

9. Plaintiff's counsel also sought Defendant's position on the extension of the discovery deadline on the same date.

10. In subsequent email correspondence between counsel, Defendants' counsel stated that "[a]s for the discovery you served on Defendants yesterday, we do not consent to an extension of the discovery period. However, we do plan to respond to your discovery no later than March 8th (30 days after service). We are trying to work with you on this."

11. Plaintiff's counsel then replied that she was "not willing in the middle district to engage in discovery without a court order modifying the deadline. The Clerk's office has confirmed my understanding that doing so is inappropriate without a Court order modifying the scheduling order. I will note that you oppose the extension but explain that you plan to respond [to the discovery requests], if that's what you prefer."

12. Defendant's counsel then requested that Plaintiff's counsel "forward

-3-

Case 1:20-cv-01096-TDS-JEP   Document 60   Filed 02/09/23   Page 3 of 7

what you plan to file before you file it so that I can be clear about our position and whether we oppose or not – it may depend on how you word it."

13. Plaintiff's counsel then forwarded a motion done in another matter filed in the middle district and indicated that the motion would be similar but with facts from the above-captioned matter.

14. Defendants' counsel then replied "[a]s for your motion, please just indicate that we oppose and plan to respond. We will promptly provide our position after we see what you file and go from there."

15. The extension of the discovery deadline for an additional three weeks or 21 days will not cause significant delay and will allow the modification of the discovery deadline needed to allow Plaintiff's discovery requests to be deemed timely and Defendants' discovery responses to be timely and not in violation of the Court's order.

16. Moreover, because the Court's Order provides that "[p]ursuant to Local Rules 40.1 and 56.1(f), the trial date will be set by the Clerk's Office based on the February 24, 2023 close of discovery, not based on the date of ruling on dispositive motions" the two-week extension will only delay the setting of the trial date by the Clerk by two weeks.

17. Mindful of the Court's admonition that agreements among counsel are not sufficient to modify the discovery deadline, Plaintiff seeks an extension of the discovery period for twenty-one (21) additional days, up to and including March 17, 2023, in order to allow the discovery requests and responses to be timely served and not in violation of the Court's Order and in order to allow Plaintiff to supplement her discovery responses based on the documents produced.

Respectfully submitted, this the 9th day of February 2023.

| | |
|---|---|
| /s/ VALERIE L. BATEMAN | /S/ JUNE K. ALLISON |
| Valerie L. Bateman | June K. Allison |
| NC State Bar No. 13417 | NC State Bar No. 9673 |
| NEW SOUTH LAW FIRM | NEW SOUTH LAW FIRM |
| 209 Lloyd Street, Ste 350 | 233 S. Laurel Avenue |
| Carrboro, North Carolina 27510 | Charlotte, NC 28207 |
| Tel: 919-810-3139 | Tel: 704-277-0113 |
| Fax: 919-823-6383 | Fax: 919-823-6383 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this ***AMENDED* MOTION TO EXTEND THE DISCOVERY DEADLINE** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have made an appearance in this matter.

This the 9th day of February 2023.

S/ VALERIE L. BATEMAN<br>
Valerie L. Bateman<br>
NEW SOUTH LAW FIRM

## CERTIFICATE OF WORD COUNT

I certify that the foregoing **MOTION** conforms to the requirements of LR 7.3(d). The length of the memorandum is less than 6250 words, excluding the caption, signature lines, certificate of service, and any cover page or index.

S/ VALERIE L. BATEMAN  
Valerie L. Bateman  
NEW SOUTH LAW FIRM