UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-01096

| | |
|---|---|
| SUPRIYA KHAZANIE, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> UNIVERSITY OF NORTH ) <br> CAROLINA AT CHAPEL HILL, ) <br> and KATIE THORNSVARD, in ) <br> her individual capacity, ) <br> ) <br> Defendants. ) | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED MOTION TO EXTEND THE DISCOVERY DEADLINE** |

NOW COMES the Plaintiff and replies to Defendants' Response to Plaintiff's First Amended Motion to Extend the Discovery Deadline and shows the Court the following:

1. Plaintiff responded to Defendants' Interrogatories and Request for Production of Documents as soon as it was able to provide fulsome responses and at no time did counsel for Defendants indicate any frustration with the amount of time it was taking to Plaintiff and her counsel to confer and draft and review the interrogatory responses or

-1-

look for documents in Plaintiff's files that were pre-pandemic.

2. Plaintiff's counsel represents to the Court that Plaintiff did not serve Defendants with written discovery until 6 February 2022. However, the motion to extend the discovery period was necessitated by the fact, known to Defendants' counsel, that Plaintiff believed discovery requests had been served on either December 19, the date on which it responded to Defendants' discovery requests, or December 20, 2022, the date after sending the discovery responses to Defendants.

3. And as set forth in the motion to extend the discovery period, Plaintiff's counsel only learned of the fact that the discovery requests were not sent on Monday, February 6, when inquiring about when the Defendants' discovery responses would be forthcoming. Plaintiff's counsel then investigated, reviewed her files, and saw that while dated December 20, 2022, the discovery requests had not been sent.

4. Nonetheless, in correspondence on January 12, 2023, and again on February 6, 2023, Plaintiff's counsel mentioned that supplementation of Plaintiff's discovery responses would be forthcoming after Defendants responded to Plaintiff's discovery requests. At no time did Defendants mention that Plaintiff had not served any discovery requests. It was not

until Plaintiff's counsel specifically inquired about bout when Defendants would be serving their discovery responses that Defendants' counsel informed Plaintiff's counsel that they had not received any discovery requests.

5. Defendants' counsel eventually replied that they would respond to the discovery requests by March 8. Plaintiff's counsel then realized that this would require responses outside of the discovery period set by the Court and determined then that a motion to extend the discovery deadline would be required. Because the reason for the occurrence of discovery outside the deadline was due to Plaintiff's counsel's inadvertent failure to actually send the email with the discovery, Plaintiff's counsel of course assumed the responsibility for moving to extend the discovery period.

6. While Defendants' counsel seems to complain about the scheduling of the depositions, Plaintiff's counsel worked with Defendants' counsel to schedule the depositions and acceded to Defendants' counsel requests for scheduling the depositions and even postponing Plaintiff's deposition due to Defendants' counsel's illness.

7. Moreover, mediation was scheduled for today, February 10, 2023, but Plaintiff's counsel also assumed the responsibility for cancelling that

mediation, obtaining new dates from the mediator, and providing those dates to Defendant's counsel for rescheduling. Defendants' counsel has of the time of the filing of this reply not yet provided available dates for the rescheduling of the mediation.

8. In the parties' Rule 26(f) report, the parties agreed that mediation would "be conducted late in the discovery period," (DE49 ¶2.h). The proposed and pending dates for mediation are all now the last week of March, which would put those dates right outside the close of the discovery period if extended to March 17, as requested by Plaintiff. And extension of the discovery period to March 31, one additional week, would put mediation within the discovery period as proposed by the parties and approved by the Court in its Order (DE51). Plaintiff's counsel proposed earlier mediation, but this was opposed by Defendants' counsel on the grounds that Defendants did not want to engage in mediation until after Plaintiff's deposition.

9. Despite Plaintiff's willingness to work with Defendants on the scheduling of depositions and mediation, and Defendants' indication it would respond to what turned out to be untimely discovery due to inadvertently not sending the email with the discovery, Defendants have

-4-

opposed the extension of the discovery period arguing it is prejudicial even though they agreed to provide the discovery without a court order. Plaintiff's counsel was unwilling to engage in discovery without the Court's permission because the Court's order and the local rules provide that the parties may not on their own volition extend the discovery period.

10. Defendants' counsel notes that the "deadline for filing dispositive motions is 24 March 2023" and cites to D.E. 51. Plaintiff's counsel is unable to find that deadline in DE 51, and notes that LR 56.1(b) provides that "dispositive motions and supporting briefs must be filed and served within 30 days of the close of the discovery period." Thus, no extensive of the dispositive motion deadline is necessary given that it runs with and from the discovery deadline. Defendants' complaint that it is being required to draft dispositive motions during the discovery period is therefore without merit.

11. Moreover, Defendants' counsel attempt to control the terms on which discovery occurs within the discovery period if the deadline is extended is also without support in case law and is without merit.

12. As stated in the motion to extend the discovery deadline, an extension of

-5-

the requested 21 days or even 28 days to make mediation occur inside the discovery period will not cause significant delay and will allow the Plaintiff's discovery requests to be deemed timely, Defendants' discovery responses to be timely, and mediation to occur late in the discovery period as originally proposed by the parties and approved by the court. Moreover, such as extension will obviate Defendants' counsels complaint that the extension will require them to both engage in discovery at the same time they are preparing a dispositive motion.

13. Likewise, because the Court's Order provides that "[p]ursuant to Local Rules 40.1 and 56.1(f), the trial date will be set by the Clerk's Office based on the February 24, 2023 close of discovery, not based on the date of ruling on dispositive motions" the extension will not delay the setting of the trial date by the Clerk because it also runs with the discovery deadline, as does the dispositive motion deadline.

Plaintiff's counsel respectfully requests that the Court look favorably on its motion to extend the discovery deadline, and consider adding seven additional days in order to make the proposed mediation dates within the discovery period as well.

Respectfully submitted, this the 10th day of February 2023.

| | |
|---|---|
| /s/ VALERIE L. BATEMAN | /S/ JUNE K. ALLISON |
| Valerie L. Bateman | June K. Allison |
| NC State Bar No. 13417 | NC State Bar No. 9673 |
| NEW SOUTH LAW FIRM | NEW SOUTH LAW FIRM |
| 209 Lloyd Street, Ste 350 | 233 S. Laurel Avenue |
| Carrboro, North Carolina 27510 | Charlotte, NC 28207 |
| Tel: 919-810-3139 | Tel: 704-277-0113 |
| Fax: 919-823-6383 | Fax: 919-823-6383 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have made an appearance in this matter.

This the 10th day of February 2023.

                                        S/ VALERIE L. BATEMAN
                                        Valerie L. Bateman
                                        NEW SOUTH LAW FIRM

## CERTIFICATE OF WORD COUNT

I certify that the foregoing **REPLY** conforms to the requirements of LR 7.3(d). The length of the memorandum is less than 6250 words, excluding the caption, signature lines, certificate of service, and any cover page or index.

S/ VALERIE L. BATEMAN  
Valerie L. Bateman  
NEW SOUTH LAW FIRM